UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TARGET STRIKE, INC. and | § | |
| GOLD RESOURCES OF | § | |
|   NEVADA, LLC(GRN I) | § | |
| | § | |
|       Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MARSTON & MARSTON, INC.; | § | SA-10-CV-0188 OLG (NN) |
| MARSTON ENVIRONMENTAL, INC.; | § | |
| CLIFFORD R. "KIP" WILLIAMS; | § | |
| WILLIAM J. HARTLEY; | § | |
| GOLD REEF INTERNATIONAL, INC.; | § | |
| GOLD REEF OF NEVADA, INC.; | § | |
| CRANDELL ADDINGTON; | § | |
| BRETT CHANCE ADDINGTON; | § | |
| SADIK AL-BASSAM; | § | |
| RICHARD CRISSMAN CAPPS; | § | |
| LOU B. KOST, JR.; | § | |
| LOU KOST HOLDINGS, LTD.; | § | |
| WILLIAM SHAFFER; | § | |
| PAUL STROBEL; | § | |
| PANTHER RESOURCES, INC.; | § | |
| PANTHER RESOURCES | § | |
|   PARTNERS LLLP; | § | |
| ADDKO, INC.; | § | |
| TEXAS RESEARCH, LLC; | § | |
| L.K. & C.A., INC.; | § | |
| MEXIVADA MINING CORPORATION; | § | |
| OTHER UNKNOWN DEFENDANTS | § | |
|   ACTING IN CONCERT WITH THE | § | |
|   ABOVE NAMED DEFENDANTS, | § | |
| | § | |
|       Defendants. | § | |
| **************************************** | | |
| CLIFFORD R. "KIP" WILLIAMS; | § | |
| RICHARD CRISSMAN CAPPS; | § | |
| WILLIAM SHAFFER; and | § | |
| PAUL STROBEL; | § | |
| | § | |
|       Counter-Plaintiffs, | § | |
| v. | § | |

| | |
|---|---|
| **TARGET STRIKE, INC.; and** | § |
| **GOLD RESOURCES OF** | § |
| **  NEVADA, LLC (GRNI).** | § |
| | § |
| **         Counter-Defendants.** | § |

******************************************

| | |
|---|---|
| **WILLIAM J. HARTLEY,** | § |
| | § |
| **         Counter-Plaintiff,** | § |
| v. | § |
| | § |
| **TARGET STRIKE, INC. and** | § |
| **GOLD RESOURCES OF NEVADA, INC.,** | § |
| | § |
| **         Counter-Defendants.** | § |

******************************************

| | |
|---|---|
| **CRANDALL ADDINGTON;** | § |
| **SADIK AL-BASSAM;** | § |
| **LOU B. KOST, JR.;** | § |
| **LOU KOST HOLDINGS, LTD.;** | § |
| **RESURRECTION CANYON, INC., f/k/a** | § |
| **   PANTHER RESOURCES, INC.;** | § |
| **RESURRECTION CANYON, LLLP, f/k/a** | § |
| **   PANTHER RESOURCES** | § |
| **   PARTNERS, LLLP;** | § |
| **ADDKO, INC.;** | § |
| **TEXAS RESEARCH, LLC; and** | § |
| **L.K. & C.A., INC.,** | § |
| | § |
| **         Counter-Plaintiffs,** | § |
| v. | § |
| | § |
| **TARGET STRIKE, INC, and** | § |
| **GOLD RESOURCES OF** | § |
| **   NEVADA, LLC (GRNI),** | § |
| | § |
| **         Counter-Defendants.** | § |

******************************************

| | |
|---|---|
| **RESURRECTION CANYON, LLLP,** | § |
| **f/k/a PANTHER RESOURCES** | § |
| **PARTNERS, LLLP,** | § |
| | § |
| **         Counter-Plaintiff,** | § |
| v. | § |
| | § |
| **TARGET STRIKE, INC. and** | § |
| **GOLD RESOURCES OF NEVADA, LLC,** | § |
| | § |

2

```
                Counter-Defendants.           §
**************************************
CLIFFORD R. "KIP" WILLIAMS,                   §
RICHARD CRISSMAN CAPPS,                       §
WILLIAM SHAFFER and                           §
PAUL STROBEL,                                 §
                                              §
v.                                            §
                                              §
TARGET STRIKE, INC. and                       §
GOLD RESOURCES OF NEVADA, LLC,                §
```

## ORDER DENYING MOTIONS FOR MORE DEFINITE STATEMENT

This order address the motions for more definite statement filed by defendants Marston & Marston, Inc., and Marston Environmental, Inc. (together, Marston).[1] Marston's first motion is directed at plaintiff Target Strike's original petition. Target Strike amended its complaint on April 2, 2010, and added Gold Resources of Nevada, LLC (GRN I) as a plaintiff.[2] Marston's second motion is directed at the amended complaint.

Rule 12(e) of the Federal Rules of Civil Procedure permits a defendant to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Because Rule 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, courts disfavor motions for a more definite statement.[3] "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[4]

---

[1] Docket entry #s 6 & 31.

[2] Docket entry # 25.

[3] *J & J Mfg., Inc. v. Logan*, 24 F. Supp.2d 692, 703 (E.D. Tex. 1998).

[4] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (*Bell's* citations omitted).

The complaints in this case are sufficient to give Marston fair notice of what the plaintiffs' claims are and the grounds upon which the claims rest.  Although Marston characterized the complaints as "shotgun complaints," and complained about a lack of specificity, Target Strike's original complaint provided a short and plain statement of its claims showing that Target Strike is entitled to relief.  Marston suggested the complaints lacked sufficient detail to allow it to answer, but Marston specifically answered the complaints and asserted affirmative defenses.[5]  In response to Marston's complaint that the plaintiffs stated many allegations in terms of "defendants," the plaintiffs clarified that they intentionally alleged that all defendants are liable for misappropriating Marston's proprietary information.  To clarify any remaining ambiguity, the plaintiffs underscored "all defendants" to identify those claims for which it alleges are defendants are liable.  Target Strike's amended complaint[6] and GRN I's amended complaint[7] provide substantial detail about the plaintiffs' allegations, as well as advancing supporting legal theories.  Because the amended complaints give Marston fair notice of what the plaintiffs' claims are and the grounds upon which the claims rest, the motions for more definite statement (docket entry #s 6 & 31) are DENIED.

**SIGNED** on July 8, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[5] Docket entry #s 11 & 33.  *See also* docket entry # 52.

[6] Docket entry # 33.

[7] Docket entry # 52.

4