UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TARGET STRIKE, INC. and | § | |
| GOLD RESOURCES OF | § | |
|   NEVADA, LLC(GRN I) | § | |
| | § | |
|       Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MARSTON & MARSTON, INC.; | § | SA-10-CV-0188 OLG (NN) |
| MARSTON ENVIRONMENTAL, INC.; | § | |
| CLIFFORD R. "KIP" WILLIAMS; | § | |
| WILLIAM J. HARTLEY; | § | |
| GOLD REEF INTERNATIONAL, INC.; | § | |
| GOLD REEF OF NEVADA, INC.; | § | |
| CRANDELL ADDINGTON; | § | |
| BRETT CHANCE ADDINGTON; | § | |
| SADIK AL-BASSAM; | § | |
| RICHARD CRISSMAN CAPPS; | § | |
| LOU B. KOST, JR.; | § | |
| LOU KOST HOLDINGS, LTD.; | § | |
| WILLIAM SHAFFER; | § | |
| PAUL STROBEL; | § | |
| PANTHER RESOURCES, INC.; | § | |
| PANTHER RESOURCES | § | |
|   PARTNERS LLLP; | § | |
| ADDKO, INC.; | § | |
| TEXAS RESEARCH, LLC; | § | |
| L.K. & C.A., INC.; | § | |
| MEXIVADA MINING CORPORATION; | § | |
| OTHER UNKNOWN DEFENDANTS | § | |
|   ACTING IN CONCERT WITH THE | § | |
|   ABOVE NAMED DEFENDANTS, | § | |
| | § | |
|       Defendants. | § | |
| ************************************** | | |
| CLIFFORD R. "KIP" WILLIAMS; | § | |
| RICHARD CRISSMAN CAPPS; | § | |
| WILLIAM SHAFFER; and | § | |
| PAUL STROBEL; | § | |
| | § | |
|       Counter-Plaintiffs, | § | |

| | |
|---|---|
| v. | § |
| | |
| TARGET STRIKE, INC.; and | § |
| GOLD RESOURCES OF | § |
|   NEVADA, LLC (GRNI). | § |
| | § |
|        Counter-Defendants. | § |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| WILLIAM J. HARTLEY, | § |
| | § |
|        Counter-Plaintiff, | § |
| v. | § |
| | § |
| TARGET STRIKE, INC. and | § |
| GOLD RESOURCES OF NEVADA, INC., | § |
| | § |
|        Counter-Defendants. | § |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CRANDALL ADDINGTON; | § |
| SADIK AL-BASSAM; | § |
| LOU B. KOST, JR.; | § |
| LOU KOST HOLDINGS, LTD.; | § |
| RESURRECTION CANYON, INC., f/k/a | § |
|   PANTHER RESOURCES, INC.; | § |
| RESURRECTION CANYON, LLLP, f/k/a | § |
|   PANTHER RESOURCES | § |
|   PARTNERS, LLLP; | § |
| ADDKO, INC.; | § |
| TEXAS RESEARCH, LLC; and | § |
| L.K. & C.A., INC., | § |
| | § |
|        Counter-Plaintiffs, | § |
| v. | § |
| | § |
| TARGET STRIKE, INC, and | § |
| GOLD RESOURCES OF | § |
|   NEVADA, LLC (GRNI), | § |
| | § |
|        Counter-Defendants. | § |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RESURRECTION CANYON, LLLP, | § |
| f/k/a PANTHER RESOURCES | § |
| PARTNERS, LLLP, | § |
| | § |
|        Counter-Plaintiff, | § |
| v. | § |
| | § |
| TARGET STRIKE, INC. and | § |

**GOLD RESOURCES OF NEVADA, LLC,**  §
§
          **Counter-Defendants.**  §
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**CLIFFORD R. "KIP" WILLIAMS,**  §
**RICHARD CRISSMAN CAPPS,**  §
**WILLIAM SHAFFER and**  §
**PAUL STROBEL,**  §
§
**v.**  §
§
**TARGET STRIKE, INC. and**  §
**GOLD RESOURCES OF NEVADA, LLC,**  §

## REPORT AND RECOMMENDATION

TO:    Honorable Orlando Garcia
         United States District Judge

This report and recommendation addresses Rule 12(b)(6) motions to dismiss filed by defendants Marston & Marston, Inc., and Marston Environmental, Inc. (together, Marston).[1] In the first motion, Marston asked the district judge to dismiss plaintiff Target Strike's alter ego cause of action as alleged in Target Strike's original complaint. In the second motion, Marston asked for dismissal of claims brought by plaintiff Gold Resources of Nevada, LLC (GRN I) as alleged in Target Strike's first amended complaint.

**Standards applicable to a Rule 12(b)(6) motion**. A defendant in a civil action may move to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted."[2]

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in

---

[1] Docket entry #s 7 & 32.

[2] Fed. R. Civ. P. 12(b)(6).

fact)."[3]

When considering a motion to dismiss, if the motion appears meritorious and a more carefully drafted complaint might cure any deficiencies, the district court must first "give the plaintiff an opportunity to amend his complaint, rather than dismiss it . . . ."[4]

**Motion addressing the alter ego theory of liability**.  Marston complained that the original complaint lacked factual allegations of acts or omissions by Marston implicating an alter ego theory of liability.[5]  Marston also complained that the complaint failed to allege the elements of the alter ego theory of liability.  Because it maintained Target Strike failed to adequately allege the grounds upon which Target Strike seeks relief under alter ego liability, Marston argued that Target Strike's reliance on the alter ego theory should be dismissed.

After Marston filed its motion, Target Strike amended its complaint, adding GRN I as a plaintiff.[6]  The amended complaint included specific details about Target Strike's alter ego theory of liability.  Whereas Marston complained that the original complaint did not address the elements of alter ego, the amended complaint addressed the elements.  As to the first element—"such unity that the separateness of the corporation has ceased"[7]—Target Strike and GRN I alleged that "[Marston Environmental, Inc.] was advertised as a mere branch office of [Marston & Marston, Inc.], and there were express promises made to Target Strike that the performance of geologic and consulting services would be performed by [Marston

---

[3]*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

[4]*Fuller v. Rich*, 925 F. Supp. 459, 461 (N.D. Tex. 1995).

[5]Docket entry # 7, ¶ 3.

[6]Docket entry # 25.

[7]*Humphrey v. Humphrey*, 593 S.W.2d 824, 826 (Tex. Civ. App.—Houston [14th Dist.] 1980, writ dismissed).

Environmental, Inc.] through the assistance of [Marston & Marston, Inc.]. [Marston & Marston, Inc.] was held out to be the company that possessed the relevant experience to perform services for Target Strike."[8]  As to the second element—"an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice"[9]—Target Strike and GRN I alleged, "In this lawsuit such an injustice would occur if for some reason Target Strike is left with a judgment only against [Marston Environmental, Inc.], a Texas company that is believed to be inadequately capitalized to satisfy a judgment."[10]  To the extent Target Strike's original complaint lacked sufficient detail about alter ego, the amended complaint cured the deficiency.  Where a more carefully drafted complaint cured a pleading deficiency, dismissal is inappropriate.

**Motion addressing GRN I's claims**.  Marston complained that Target Strike's amended complaint—the amendment that added GRN I as a plaintiff—was silent as to which, if any, causes of action are asserted against Martson.[11]  Marston also complained that the amended complaint made no allegations of wrongdoing by Marston against GRN I.  On that basis, Marston asked the district judge to dismiss GRN I's causes of action against Marston for failing to state a claim.

After Marston filed its motion, GRN I filed an amended complaint.[12]  The amended complaint brought the following causes of action against Marston: (1) breach of contract, arising from the failure to protect the confidentiality of proprietary information Target Strike and GRN I

---

[8] Docket entry # 25, ¶ 73.

[9] *Humphrey*, 593 S.W.2d at 826.

[10] Docket entry # 25, ¶ 74.

[11] Docket entry # 32, ¶ 2.

[12] Docket entry # 49.

5

provided to Marston pursuant to consulting agreements; (2) breach of fiduciary duty, based on the failure to protect the confidentiality of proprietary information; (3) negligent misrepresentation; (4) misappropriation of trade secrets and/or proprietary data; (5) violation of the Texas Theft Liability Act; (6) negligence and gross negligence; (7) unfair competition, by stealing Target Strike and GRN I's proprietary data and using it for unjust enrichment; (8) conversion, by assuming and exercising dominion and control over trade secrets and confidential and proprietary information; (9) unjust enrichment; and (10) conspiracy.[13]  To the extent Target Strike's amended complaint was deficient in identifying the causes of action GRN I brought against Marston, GRN I's amended complaint cured the deficiency by identifying GRN I's causes of action against Marston.  Where a more carefully drafted complaint cured a pleading deficiency, dismissal is inappropriate.

**Recommendation**.  I recommend DENYING Marston's motions to dismiss (docket entry # 7 & 32) as MOOT, because Target Strike's amended complaint added sufficient detail about reliance on the alter ego theory of liability, and because GRN I's amended complaint identified GRN I's causes of action against Marston.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[14]  Such party shall file the objections with the clerk of the court, and serve the objections on all

---

[13] Docket entry # 49.

[14] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[15] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[16]

**SIGNED** on July 9, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[15]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[16]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).