# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| | § | |
| | § | |
| **TARGET STRIKE, INC. and,** | § | |
| **GOLD RESOURCES OF** | § | |
| **NEVADA, LLC (GRN I)** | § | |
| | § | **CIVIL ACTION NO.** |
| **Plaintiffs,** | § | |
| | § | **SA-10-CV-0188-OLG (NN)** |
| **v.** | § | |
| | § | |
| **MARSTON & MARSTON, INC.;** | § | |
| **MARSTON ENVIRONMENTAL, INC.;** | § | |
| **CLIFFORD R. "KIP" WILLIAMS;** | § | |
| **WILLIAM J. HARTLEY;** | § | |
| **GOLD REEF INTERNATIONAL, INC.;** | § | |
| **GOLD REEF OF NEVADA, INC.;** | § | |
| **CRANDELL ADDINGTON;** | § | |
| **SADIK AL-BASSAM;** | § | |
| **RICHARD CRISSMAN CAPPS;** | § | |
| **LOU B. KOST, JR.;** | § | |
| **LOU KOST HOLDINGS, LTD.;** | § | |
| **WILLIAM SHAFFER;** | § | |
| **PAUL STROBEL;** | § | |
| **PANTHER RESOURCES, INC.;** | § | |
| **PANTHER RESOURCES** | § | |
| **PARTNERS LLLP;** | § | |
| **ADDKO, INC.;** | § | |
| **TEXAS RESEARCH, LLC;** | § | |
| **L.K. & C.A., INC.;** | § | |
| **MEXIVADA MINING CORPORATION;** | § | |
| **OTHER UNKNOWN DEFENDANTS** | § | |
| **ACTING IN CONCERT WITH THE** | § | |
| **ABOVE NAMED DEFENDANTS,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |
| ****************************************** | | |
| | § | |
| | § | |
| | § | |

CLIFFORD R. "KIP" WILLIAMS;           §
RICHARD CRISSMAN CAPPS;               §
WILLIAM SHAFFER; and                  §
PAUL STROBEL;                         §
                                      §
                Counter-Plaintiffs,   §
                                      §
v.                                    §
                                      §
TARGET STRIKE, INC.; and              §
GOLD RESOURCES OF                     §
   NEVADA, LLC (GRN I).               §
                                      §
                Counter-Defendants.   §
                                      §
                                      §
*****************************************
                                      §
                                      §
WILLIAM J. HARTLEY,                   §
                                      §
                Counter-Plaintiff,    §
                                      §
v.                                    §
                                      §
TARGET STRIKE, INC. and               §
GOLD RESOURCES OF                     §
   NEVADA, LLC (GRN I).               §
                                      §
                Counter-Defendants.   §
                                      §
                                      §
*****************************************
                                      §
                                      §
CRANDALL ADDINGTON;                   §
SADIK AL-BASSAM;                      §
LOU B. KOST, JR.;                     §
LOU KOST HOLDINGS, LTD.;              §
RESURRECTION CANYON, INC., f/k/a      §
   PANTHER RESOURCES, INC.;           §
RESURRECTION CANYON, LLLP, f/k/a      §
   PANTHER RESOURCES                  §

2

PARTNERS, LLLP;                          §
ADDKO, INC.;                             §
TEXAS RESEARCH, LLC; and                 §
L.K. & C.A., INC.,                       §
                                         §
                Counter-Plaintiffs,      §
                                         §
v.                                       §
                                         §
TARGET STRIKE, INC, and                  §
GOLD RESOURCES OF                        §
    NEVADA, LLC (GRN I),                 §
                                         §
                Counter-Defendants.      §
                                         §
                                         §
****************************************  §
                                         §
                                         §
RESURRECTION CANYON, LLLP, f/k/a         §
    PANTHER RESOURCES                    §
    PARTNERS, LLLP,                      §
                                         §
                Counter-Plaintiff,       §
                                         §
v.                                       §
                                         §
TARGET STRIKE, INC. and                  §
GOLD RESOURCES OF                        §
    NEVADA, LLC (GRN I),                 §
                                         §
                Counter-Defendants.      §
                                         §
                                         §
****************************************  §
                                         §
                                         §
CLIFFORD R. "KIP" WILLIAMS,              §
RICHARD CRISSMAN CAPPS,                  §
WILLIAM SHAFFER and                      §
PAUL STROBEL,                            §
                                         §
                Counter-Plaintiffs,      §

3

|  | § |
|--|--|
| **v.** | § |
|  | § |
| **TARGET STRIKE, INC. and** | § |
| **GOLD RESOURCES OF** | § |
| **   NEVADA, LLC (GRN I),** | § |
|  | § |
| **Counter-Defendants.** | § |
|  | § |
|  | § |

## FIFTH REPORT AND RECOMMENDATION

**TO:**   **Honorable Orlando Garcia**
       **United States District Judge**

This report and recommendation addresses the pending motion to withdraw this case from the jury docket and to reset the case for a non-jury trial.[1]  This case is set for jury trial on April 25, 2011.  In the motion, plaintiffs Target Strike, Inc. (Target Strike) and Gold Resources of Nevada, LLC (GRN I) argued that no party reserved the right to a jury trial.[2]  The plaintiffs contend the defendants waived the right to a jury trial.[3]  The defendants seek to retain the case on the jury docket, and in the alternative, ask for a jury trial.[4]  Because the decision about how to try the case impacts the district court's docket, I prepared a report and recommendation on the matter.

**Background**.  Plaintiff Target Strike filed this case in the 150th District Court, Bexar

---

[1]Docket entry # 82.

[2]*Id*.

[3]*Id*.

[4]Docket entry # 83.

County, Texas, on February 10, 2010.[5]  The original complaint included a jury demand.  The original defendants answered and demanded a jury trial.[6]  The defendants then removed the case to federal court—on March 5, 2010—without paying the state-court jury fee.[7]  After removal, the parties amended their pleadings multiple times—the plaintiffs adding GRN I as a plaintiff and additional defendants.  No amended pleading included a jury demand.

On July 21, 2010, the district court scheduled this case for jury trial on April 25, 2011.[8] On August 10, 2010, the plaintiffs moved to withdraw the case from the jury docket.[9]  The plaintiffs argued the case should be removed from the jury docket because neither side properly demanded a jury trial.  The plaintiffs explained that under state procedure, a party must complete a two-step process to be entitled to a jury trial—formal demand, plus payment of jury fee. Because no one paid the jury fee, the plaintiffs maintained the defendants failed to preserve the right to a jury trial.  To the extent that the defendants now seek a jury trial, the plaintiffs contended that the defendants waived the right to a jury trial by not including a jury demand in their amended answers.

In response, the defendants maintained the jury fee was unnecessary because the case was removed to federal court.[10]  The defendants relied on their state-court jury demand, observing

---

[5]Docket entry # 1, exh. 1.

[6]*Id.*

[7]Docket entry # 1.

[8]Docket entry # 76.

[9]Docket entry # 82.

[10]Docket entry # 83.

that if this case were returned to the state court, they could still pay the jury fee.  The defendants denied waiving their right to a jury trial.  In the event the district court finds a waiver, the defendants asked for a jury trial, asserting that no "strong and compelling reasons to the contrary"[11] exist.

**Requesting a jury trial in removed cases**.  Under Rule 81(c), "[a] party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal.  If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time."[12]  Texas law requires an express demand—a written application and payment of a jury fee.[13]  Here, both parties requested a jury in state court, but neither paid the jury fee.  As a result, the defendants' state-court jury demand did not satisfy state requirements.[14]  "[A] party, [however,] need not file a new jury demand in federal court if one that would have satisfied the federal requirements was filed in state court."[15]

Under the federal rules, any party may demand a jury trial under Rule 38(b) by "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served . . . ."[16]  "[W]here a pre-removal jury

---

[11]*Id.* (citing *Daniel Int'l v. Fischbach & Moore*, 916 F.2d 1061, 1064 (5th Cir. 1990).

[12]Fed. R. Civ. P. 81(c)(3).

[13]Tex. R. Civ. P. 216(a)–(b).

[14]Docket entry # 83.

[15]*Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 415 (5th Cir. 2002).

[16]Fed. R. Civ. P. 38(b).

demand would satisfy federal but not state requirements, that demand is incorporated into the federal record upon removal, and is deemed to satisfy Rule 38(b)."[17]  The defendants' pre-removal jury demand satisfied the federal requirements for demanding a jury trial by stating in the original answer that the defendants "demand[] a jury trial."[18]  This action satisfied Rule 38(b) by serving the other parties with a written demand.

**Whether the defendants waived the right to a jury trial**.  The plaintiffs argued that the defendants waived the right to a jury trial by failing to include a jury demand in amended pleadings, arguing that an amended pleading supercedes the earlier pleading.[19]  "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege."[20]  Because "the  right of jury trial is fundamental, courts indulge every reasonable presumption against waiver."[21]  "[W]herever possible, [a court's discretion should] be exercised to preserve jury trial."[22]  Where the complaint included a demand for a jury trial, the defendant may rely on that demand, and the plaintiff may not withdraw the demand without the consent of all parties.[23]

Here, both sides filed and served a jury demand.[24]  The parties have not consented to trial

---

[17]*Mondor v. U.S. Dist. Court for Cent. Dist. of Cal*., 910 F.2d 585, 587 (9th Cir. 1990).

[18]Docket entry # 1, exh. 1.

[19]Docket entry # 82.

[20]*Johnson v. Zerbst*, 304 U.S. 458, 464 (1938).

[21]*Aetna Ins. Co. v. Kennedy to Use of Bogash*, 301 U.S. 389, 393 (1937).

[22]*Beacon Theatres v. Westover*, 359 U.S. 500, 510 (1959).

[23]*See Bennett v. Pippin*, 74 F.3d 578, 586-87 (5th Cir. 1996).

[24]Docket entry # 1, exh. 1.

before the court.  Nothing in the record indicates the defendants intentionally relinquished or abandoned their right to a jury trial.  Instead, the defendants have vigorously advocated for a jury trial.  The presumption against waiver weighs against a finding of waiver.  Although the plaintiffs rely heavily on the non-payment of the jury fee, this court does not require a jury fee.  Accordingly, the district court added this case to its jury docket.[25]   Under this circumstance, equity also weighs against waiver.

**Whether the defendants made an untimely demand**.  If the district court finds a waiver, the district court must consider the defendants' alternative request for a jury trial under Rule 38(b).  Rule 81(c) permits a party to request "jury trial under Rule 38 [by] serv[ing] a demand within 14 days after . . . it files a notice of removal. . . ."[26]   The defendants' request comes outside of this 14-day period.

Rule 39(b), however, gives "the district court discretion to relieve a party from waiver of a jury trial under Rule 38."[27]   "[W]hen the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary."[28]   In considering whether to grant a jury trial, the district court should consider the factors addressed below.[29]

---

[25]Docket entry # 76.

[26]Fed. R. Civ. P. 81(c)(3)(B).

[27]*Daniel Int'l Corp. v. Fischbach & Moore*, 916 F.2d 1061, 1064 (5th Cir. 1990).

[28]*Daniel Int'l Corp.*, 916 F.2d at 1064.

[29]"[D]istrict courts should consider in the exercise of discretion under Rule 39(b): (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the

<u>Whether the case involves issues best tried to a jury</u>.  The defendants asserted that the case involves issues which are best tried to a jury.  They did not specify why.  The plaintiffs likewise identified no reason this case is best tried before the court.  The likely reason the plaintiffs want to try the case before the court is because of the number of claims and defendants; however, the plaintiffs chose the number of claims (10) and defendants (19 named).  From the court's perspective, it will not matter.  The court will have to either prepare a jury charge for numerous claims and parties, or prepare findings of fact and conclusions of law for numerous claims and parties. This factor does not weigh for or against the plaintiffs' motion.

<u>Whether granting the motion will disrupt the court's schedule or that of an adverse party</u>. Leaving this case on the jury docket will not disrupt the district court's or the plaintiffs' schedules because the case is already on the jury calendar.  Denying the plaintiffs' motion will not impact the court's administration of its business.  The record indicates that the district court is prepared to try this case to a jury.  This factor weighs against the plaintiffs' motion.

<u>The degree of prejudice to the adverse party</u>.  The plaintiffs identified no prejudice following from a jury trial.  Whether tried to a jury or to the court, trying the case will be difficult because of the number of claims and defendants.  As evidenced by their motion, the plaintiffs already anticipate trying the case before a jury.  This factor weighs against the plaintiffs' motion.

<u>The length of the delay in requesting a jury trial and the reason for the movant's tardiness in requesting a jury trial</u>.  A demand for jury trial for a removed case must be filed within 14 days

---

degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." *Daniel Int'l Corp*., 916 F.2d at 1064.

after filing a notice of removal.[30]  Here, the notice of removal was filed on March 5, 2010.  The

defendants asked for a jury trial on August 11, 2010, in their response to the plaintiffs' motion.[31]

Although the request fell outside the 14-day time frame, the defendants justifiably relied on the

plaintiffs' jury demand,[32] as well as their own jury demand.  When the defendants learned the

plaintiffs sought to remove the case from the jury docket, the defendants requested a jury trial.

Under the circumstances, any delay in requesting a jury trial was reasonable.  These factors

weigh against the plaintiffs' motion.

      **Recommendation.**  Considering the presumption against waiver, I recommend the

district court find that the defendants did not waive the right to a jury trial and DENY the

plaintiffs' motion to withdraw the case from the jury docket (docket entry # 82).  If the district

court finds a waiver, I recommend GRANTING the defendants' request for a jury trial because

consideration of the factors discussed above weighs against the plaintiffs' motion.  No strong and

compelling reason exists to try this case before the court.

      **Instructions for Service and Notice of Right to Object/Appeal**.  The United States

District Clerk shall serve a copy of this report and recommendation on all parties by either (1)

electronic transmittal to all parties represented by attorneys registered as a "filing user" with the

clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt

requested.  Written objections to this report and recommendation must be filed within 14 days

---

[30]Fed. R. Civ. P. 81(c).

[31]Docket entry # 83, p. 4.

[32]*See Taylor v. Gulf States Utilities Co*., 375 F.2d 949, 950 (5th Cir. 1967) ("The
defendants were entitled under Rule 38(d) F. R. Civ. P. to rely on the demand for jury trial
previously made by plaintiffs.").

after being served with a copy of same, unless this time period is modified by the district court.[33] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[34]   Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[35]

        **SIGNED** on November 17, 2010.


                                        NANCY STEIN NOWAK
                                        UNITED STATES MAGISTRATE JUDGE

---

[33]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[34]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[35]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

11