UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TARGET STRIKE, INC. and | § | |
| GOLD RESOURCES OF | § | |
|   NEVADA, LLC(GRN I) | § | |
| | § | |
|      Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MARSTON & MARSTON, INC.; | § | SA-10-CV-0188 OLG (NN) |
| MARSTON ENVIRONMENTAL, INC.; | § | |
| CLIFFORD R. "KIP" WILLIAMS; | § | |
| WILLIAM J. HARTLEY; | § | |
| GOLD REEF INTERNATIONAL, INC.; | § | |
| GOLD REEF OF NEVADA, INC.; | § | |
| CRANDELL ADDINGTON; | § | |
| SADIK AL-BASSAM; | § | |
| RICHARD CRISSMAN CAPPS; | § | |
| LOU B. KOST, JR.; | § | |
| LOU KOST HOLDINGS, LTD.; | § | |
| WILLIAM SHAFFER; | § | |
| PAUL STROBEL; | § | |
| PANTHER RESOURCES, INC.; | § | |
| PANTHER RESOURCES | § | |
|   PARTNERS LLLP; | § | |
| ADDKO, INC.; | § | |
| TEXAS RESEARCH, LLC; | § | |
| L.K. & C.A., INC.; | § | |
| MEXIVADA MINING CORPORATION; | § | |
| OTHER UNKNOWN DEFENDANTS | § | |
|   ACTING IN CONCERT WITH THE | § | |
|   ABOVE NAMED DEFENDANTS, | § | |
| | § | |
|      Defendants. | § | |
| ****************************************| | |
| CLIFFORD R. "KIP" WILLIAMS; | § | |
| RICHARD CRISSMAN CAPPS; | § | |
| WILLIAM SHAFFER; and | § | |
| PAUL STROBEL; | § | |
| | § | |
|      Counter-Plaintiffs, | § | |
| v. | § | |

| | |
|---|---|
| TARGET STRIKE, INC.; and | § |
| GOLD RESOURCES OF | § |
|   NEVADA, LLC (GRN I). | § |
| | § |
|     Counter-Defendants. | § |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| WILLIAM J. HARTLEY, | § |
| | § |
|     Counter-Plaintiff, | § |
| v. | § |
| | § |
| TARGET STRIKE, INC. and | § |
| GOLD RESOURCES OF NEVADA, INC., | § |
| | § |
|     Counter-Defendants. | § |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CRANDALL ADDINGTON; | § |
| SADIK AL-BASSAM; | § |
| LOU B. KOST, JR.; | § |
| LOU KOST HOLDINGS, LTD.; | § |
| RESURRECTION CANYON, INC., f/k/a | § |
|   PANTHER RESOURCES, INC.; | § |
| RESURRECTION CANYON, LLLP, f/k/a | § |
|   PANTHER RESOURCES | § |
|   PARTNERS, LLLP; | § |
| ADDKO, INC.; | § |
| TEXAS RESEARCH, LLC; and | § |
| L.K. & C.A., INC., | § |
| | § |
|     Counter-Plaintiffs, | § |
| v. | § |
| | § |
| TARGET STRIKE, INC, and | § |
| GOLD RESOURCES OF | § |
|   NEVADA, LLC (GRN I), | § |
| | § |
|     Counter-Defendants. | § |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RESURRECTION CANYON, LLLP, | § |
| f/k/a PANTHER RESOURCES | § |
| PARTNERS, LLLP, | § |
| | § |
|     Counter-Plaintiff, | § |
| v. | § |

|  |  |
|---|---|
| **TARGET STRIKE, INC. and** | § |
| **GOLD RESOURCES OF NEVADA, LLC,** | § |
|  | § |
| Counter-Defendants. | § |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **CLIFFORD R. "KIP" WILLIAMS,** | § |
| **RICHARD CRISSMAN CAPPS,** | § |
| **WILLIAM SHAFFER and** | § |
| **PAUL STROBEL,** | § |
|  | § |
| Counter-Plaintiffs, | § |
|  | § |
| v. | § |
|  | § |
| **TARGET STRIKE, INC. and** | § |
| **GOLD RESOURCES OF NEVADA, LLC,** | § |
|  | § |
| Counter-Defendants. | § |

## ORDER REGARDING MOTION TO COMPEL (#122)

The matter before the Court is the plaintiffs' motion to compel discovery from defendants Gold Reef International, Inc. and Gold Reef of Nevada, Inc. (Gold Reef), and defendants' response thereto (docket entries 122 and 124).

The motion concerns two sets of requests for production. Plaintiffs argue generally that the documents which Gold Reef finally produced fall short of their discovery obligations. Gold Reef responded that they have made a good faith effort to respond and that because of a change in management in 2009 older documents are no longer available to the current officers and shareholders. Gold Reef represented in their response that additional documents would be produced within 15 days of the filing of the response. Finally, Gold Reef argued that Request for Production number 1 from the first set of requests for production is overbroad.

The Court is unable to determine whether court intervention is still required and to what extent. In the interests of justice, plaintiffs are ORDERED to supplement their motion and advise the Court no later than December 1, 2010 of the following:

1. The particular requests for production (identified by number and set) which they assert have not yet been adequately responded to

2. How the information requested through that particular request for production is relevant to a claim or defense in issue

3. To the extent defendants have specifically objected to a request for production why that objection should be overruled.

Defendants' response to the plaintiffs supplement is due December 15, 2010.

The Court will consider the motion submitted upon receipt of the above. The parties are encouraged to confer and attempt to resolve the motion. If after doing so a ruling from the court is still required, the parties are reminded to specifically identify each request for production which remains disputed, and to specifically explain the relevancy of the information sought with reference to the specific claim(s) in this case, as well as to specifically explain any objection urged as to each request for production.

**SIGNED** on November 18, 2010.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE