UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TARGET STRIKE, INC. and | § | |
| GOLD RESOURCES OF | § | |
|   NEVADA, LLC(GRN I) | § | |
| | § | |
|       Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MARSTON & MARSTON, INC.; | § | SA-10-CV-0188 OLG (NN) |
| MARSTON ENVIRONMENTAL, INC.; | § | |
| CLIFFORD R. "KIP" WILLIAMS; | § | |
| WILLIAM J. HARTLEY; | § | |
| GOLD REEF INTERNATIONAL, INC.; | § | |
| GOLD REEF OF NEVADA, INC.; | § | |
| CRANDELL ADDINGTON; | § | |
| SADIK AL-BASSAM; | § | |
| RICHARD CRISSMAN CAPPS; | § | |
| LOU B. KOST, JR.; | § | |
| LOU KOST HOLDINGS, LTD.; | § | |
| WILLIAM SHAFFER; | § | |
| PAUL STROBEL; | § | |
| PANTHER RESOURCES, INC.; | § | |
| PANTHER RESOURCES | § | |
|   PARTNERS LLLP; | § | |
| ADDKO, INC.; | § | |
| TEXAS RESEARCH, LLC; | § | |
| L.K. & C.A., INC.; | § | |
| MEXIVADA MINING CORPORATION; | § | |
| OTHER UNKNOWN DEFENDANTS | § | |
|   ACTING IN CONCERT WITH THE | § | |
|   ABOVE NAMED DEFENDANTS, | § | |
| | § | |
|       Defendants. | § | |
| ****************************************|   | |
| CLIFFORD R. "KIP" WILLIAMS; | § | |
| RICHARD CRISSMAN CAPPS; | § | |
| WILLIAM SHAFFER; and | § | |
| PAUL STROBEL; | § | |
| | § | |
|       Counter-Plaintiffs, | § | |
| v. | § | |

| | |
|---|---|
| TARGET STRIKE, INC.; and | § |
| GOLD RESOURCES OF | § |
|   NEVADA, LLC (GRN I). | § |
| | § |
|       Counter-Defendants. | § |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| WILLIAM J. HARTLEY, | § |
| | § |
|       Counter-Plaintiff, | § |
| v. | § |
| | § |
| TARGET STRIKE, INC. and | § |
| GOLD RESOURCES OF NEVADA, INC., | § |
| | § |
|       Counter-Defendants. | § |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CRANDALL ADDINGTON; | § |
| SADIK AL-BASSAM; | § |
| LOU B. KOST, JR.; | § |
| LOU KOST HOLDINGS, LTD.; | § |
| RESURRECTION CANYON, INC., f/k/a | § |
|   PANTHER RESOURCES, INC.; | § |
| RESURRECTION CANYON, LLLP, f/k/a | § |
|   PANTHER RESOURCES | § |
|   PARTNERS, LLLP; | § |
| ADDKO, INC.; | § |
| TEXAS RESEARCH, LLC; and | § |
| L.K. & C.A., INC., | § |
| | § |
|       Counter-Plaintiffs, | § |
| v. | § |
| | § |
| TARGET STRIKE, INC, and | § |
| GOLD RESOURCES OF | § |
|   NEVADA, LLC (GRN I), | § |
| | § |
|       Counter-Defendants. | § |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RESURRECTION CANYON, LLLP, | § |
| f/k/a PANTHER RESOURCES | § |
| PARTNERS, LLLP, | § |
| | § |

|                                      |   |
|--------------------------------------|---|
| Counter-Plaintiff,                   | § |
| v.                                   | § |
|                                      | § |
| TARGET STRIKE, INC. and              | § |
| GOLD RESOURCES OF NEVADA, LLC,       | § |
|                                      | § |
| Counter-Defendants.                  | § |

******************************************

|                                      |   |
|--------------------------------------|---|
| CLIFFORD R. "KIP" WILLIAMS,          | § |
| RICHARD CRISSMAN CAPPS,              | § |
| WILLIAM SHAFFER and                  | § |
| PAUL STROBEL,                        | § |
|                                      | § |
| Counter-Plaintiffs,                  | § |
|                                      | § |
| v.                                   | § |
|                                      | § |
| TARGET STRIKE, INC. and              | § |
| GOLD RESOURCES OF NEVADA, LLC,       | § |
|                                      | § |
| Counter-Defendants.                  | § |

## ORDER DENYING MOTION TO EXCLUDE EXPERT TESTIMONY

This order addresses a pending motion to exclude an expert.[1]  I have jurisdiction to enter this order under 28 U.S.C. § 636(b) as the motion is nondispositive and the district judge referred all pretrial matters to me.[2]  After considering the motion and the pleadings in this case, I deny the motion to exclude the testimony and report of expert Dean T. Wilton.

**Nature of the case.**  This lawsuit arose from alleged misappropriated trade secrets. Plaintiff Target Strike, Inc. (TSI) developed a software program—Target Forecasting—to target minerals prospects, identifying 73 areas for potential exploration.  According to plaintiffs, TSI then hired defendants Marston Environmental, Inc. and Marston & Marston, Inc. (together,

---

[1] *See* docket entry #s 166, 174, 175, 199 & 208.

[2] Docket entry # 38.

Marston) to further investigate the identified target areas and aid in target development. Marston recommended creating a secondary company to administer the project. TSI then created plaintiff Gold Resources of Nevada, LLC (GRN I). Pleading ten causes of action, plaintiffs seek damages and injunctive relief.[3]

Marston designated Wilton as an expert witness.[4] Wilton is a certified professional geologist with over 20 years of experience in the field of mineral exploration and mining.[5] Marston's designation of Wilton included a report about the activities and costs associated with the process of identifying, evaluating, and developing gold exploration prospects in Nevada.[6] Wilton's report refutes plaintiff's expert report about costs avoided by using Target Forecasting, and discusses generally accepted methods employed in mineral exploration and mining. Plaintiffs moved to exclude Wilton's testimony on grounds that: Wilton is unqualified to offer scientific testimony about a computer program, his report is conclusory, and Wilton's conclusions are unreliable.[7] Although the pleadings about this matter are filed under seal, I did not seal this order because it does not specifically refer to confidential matters.

**Applicable standards.** The party offering an expert witness has the burden of proving

---

[3]Docket entry # 119. The plaintiffs have since withdrawn the tenth cause of action. *See* docket entry # 212.

[4]Docket entry # 157. Plaintiffs' original motion sought exclusion of two experts, but Marston withdrew its designation of the second expert, Mike Ward. *See* docket entry # 174.

[5]Docket entry # 166, exh. 1, p. 17.

[6]Docket entry # 157. *See also* Fed. R. Civ. P. 26(a)(2)(B); (e) (requiring a party who designates an expert witness to submit a written report prepared and signed by the expert, stating all opinions the expert will express and their bases and reasons).

[7]Docket entry #s 166 & 199.

admissibility of the expert's testimony.[8] Marston must demonstrate by a preponderance of the evidence that Wilton is qualified, and that his testimony is both reliable and relevant to the case.[9] To be qualified, a witness must have sufficient "knowledge, skill, experience, training or education" to assist the trier of fact.[10] For the witness's testimony to be relevant, expert testimony must have "any tendency to make the existence of any fact that is of consequence to the determination of an action more probable or less probable than it would be without the evidence."[11] Relevant evidence is generally admissible, while irrelevant evidence is inadmissible.[12]

Although there is no strict test for determining reliability,[13] an expert witness must have specialized knowledge that will enable him to clarify facts at issue which may not be readily apparent to a juror.[14] For such testimony to be admissible, the expert testimony must be based on

---

[8] *Moore v. Ashland Chemical,* 151 F.3d 269, 276 (5th Cir. 1998). *See Bocanegra v. Vicmar Services*, 320 F.3d 581, 585 (5th Cir. 2003) ("The party seeking to have the district court admit expert testimony must demonstrate that the expert's findings and conclusions are reliable, but need not show that the expert's findings and conclusions are correct.").

[9] *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993) ("[A]n expert's testimony rests both on a reliable foundation and is relevant to the task at hand."). *See Mathis v. Exxon*, 302 F.3d 448, 459-60 (5th Cir. 2002) (stating that the offering party must prove by a preponderance of the evidence that the proffered testimony satisfies the requirements for expert testimony).

[10] Fed. R. Evid. 702.

[11] Fed. R. Evid. 401.

[12] Fed. R. Evid. 402.

[13] *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) ("[A]s the Court stated in *Daubert*, the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily or exclusively applies to all experts or in every case.").

[14] Fed. R. Evid. 702. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999) ("The trial court had to decide whether this particular expert had sufficient specialized knowledge to

sufficient facts or data, and result from reliable principles and methods applied reliably to those facts.[15]

**Whether Wilton is qualified.**  The plaintiffs maintain Wilton, as a geologist, is unqualified to comment on geophysics, or geochemistry.[16]  Federal Rule of Evidence 702 does not limit expert testimony to scientific topics; a qualified expert may testify to any matter if such testimony will aid in the resolution of the case.  Wilton does not classify himself as an expert in geophysics or geochemistry, but his extensive experience in the field of geology and his work as a corporate officer in several international mining companies qualify him as a witness capable of reliably explaining the activities and costs associated with gold exploration and mining in Nevada.[17]  In addition to Wilton's experience, Wilton is a certified geologist with the American Institute of Professional Geologists, has authored several papers on gold mining in Nevada, and has testified numerous times before congressional committees on proposed revisions to General Mining Law and access to public lands in Nevada for gold exploration.[18]  Wilton served as an expert witness on one occasion in 1992.[19]  Plaintiffs' argument goes primarily to the weight of

---

assist the jurors in deciding the particular issues in the case.") (internal citations omitted); *Eiland v. Westinghouse Elec. Corp.*, 58 F.3d 176, 180 (5th Cir. 1995) ("Expert opinion testimony is admissible if it is helpful to the jury in understanding the evidence or determining a fact in issue.").

[15]Fed. R. Evid. 702.  *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) ("[T]he existence of sufficient facts and a reliable methodology is in all instances mandatory.").

[16]Docket entry # 166.

[17]*Id.* at exh. 1.

[18]*Id.* at exh. 1, pp. 17-19.

[19]*Id.*

Wilton's testimony rather than its admissibility.[20]

Plaintiffs also contend Wilton is unqualified to compare the Target Forecasting to a Geographical Information System (GIS), as he is not a computer programmer or IT technician.[21] While Wilton is not a computer programmer or IT technician, he does have a demonstrable background managing exploration endeavors for several international corporations.[22] Considering the capacities in which he has worked, and his experience using GIS—Wilton was "directly involved in all phases of exploration," including the "geological, geophysical, and geochemical methods employed by the mineral exploration industry"[23]—Wilton is qualified to testify to the generally accepted industry standards, and the costs associated with mineral exploration and mining.  The differences between plaintiffs' system and the systems Wilton references in his report are best explored during cross examination.  No serious question exists about Wilton's qualifications to serve as an expert witness.

**Whether Wilton's opinions are conclusory.**  The plaintiffs contend Wilton is not credible because he used unreliable methods in the field of geology to reach his opinion and ignored the objective facts of the case.[24]  An expert witness is permitted to give opinion testimony on issues about which the expert may not have personal experience, provided it

---

[20]*See United States v. Bonds*, 12 F.3d 540, 563 (6th Cir. 1993) ("The assessment of the validity and reliability of the conclusions drawn by the expert is a jury question. . . ."); *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) ("Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility.").

[21]Docket entry # 166, p. 5.

[22]*Id.* at exh. 1, p. 17.

[23]*Id.*

[24]*Id.*

concerns an area of expertise.[25] In making the reliability determination, a trial court must consider the validity of the principles applied by the expert, the accuracy of the data relied upon by the expert, and the application of those principles to the data.[26] Wilton's experience in geology, mineral exploration and mining qualifies him to opine about the reliability of plaintiffs' damages evidence. Although Wilton has never used Target Forecasting, Wilton studied the information provided on the system and compared the system's results (the discovery of 73 "target" areas) with publicly available geological, geophysical, and geochemical data.[27] Wilton concluded that a geologist could have independently developed the plaintiffs' target areas without Target Forecasting. Although this conclusion contradicts plaintiffs' allegations, Wilton relied on reliable methodology to reach his conclusion.[28]

In addition, Wilton's testimony about the unavoidable costs and activities associated with exploration and mining is not readily apparent to a juror. Identifying unavoidable costs—such as the costs of determining title to land and registering for permits to mine a target area—while

---

[25]*See* Advisory Committee Notes for Fed. R. Evid. 703 for the 1972 proposed rules (anticipating an expert may rely on three sources of information to form an opinion: (1) first-hand observation by the witness, (2) presentation at trial, and (3) presentation of data to the expert outside of court and other than by his own perception). *See also Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 592 (1993) (internal citations omitted) ("Unlike an ordinary witness . . . an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation.").

[26]*See Marcel v. Placid Oil*, 11 F.3d 563, 567 (5th Cir. 1994).

[27]Docket entry # 166, exh. 1, p. 9-11.

[28]*See Streber v. Hunter*, 221 F.3d 701, 726 (5th Cir. 2000) ("[I]n cases of conflicting expert testimony, the jury is entitled to make credibility determinations and believe the witness it considers more trustworthy.") (quoting *Simpson v. James*, 903 F.2d 372, 377 (5th Cir. 1990)).

contradicting the plaintiffs' expert, does not render Wilton's testimony inadmissible.[29]  Rather than simply conclude that plaintiffs' damages evidence is unreliable, Wilton compared the plaintiffs' expert report about associated costs with the plaintiffs' scientific report about how Target Forecasting works.[30]  Based on the comparison, Wilton explained that certain activities associated with traditional mineral exploration are unavoidable, even with the aid of a GIS.[31]  For example, Wilton stated that sampling of the target area to confirm the reports generated by the GIS is necessary to file registration permits, as well as to verify the GIS conclusion before undertaking the higher costs of mining, regardless of what technology is used.[32]  Marston has demonstrated a sufficient basis for reliability.

**Conclusion.**  For admissibility purposes, I need only find Wilton sufficiently qualified, and as offering reliable and relevant testimony.  Wilton's personal experience and specialized knowledge regarding the subject matter about which he will testify, along with his description of generally accepted industry standards, supports the admissibility of Wilton's report and testimony.  I DENY the motion to exclude Wilton's testimony (docket entry # 166).

**SIGNED** on February 16, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[29]Docket entry # 166, exh. 1, pp. 12-16.  *See also* docket entry # 199, exh. A5 (deposition testimony of plaintiff's expert).

[30]*See* docket entry # 166, exh. 1, pp. 5-10.

[31]*Id.* at exh. 1, pp. 12-16.

[32]*Id.* at exh.1, p. 4-5.