UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TARGET STRIKE, INC. and, §<br>GOLD RESOURCES OF §<br>  NEVADA, LLC (GRN I) §<br>§<br>        Plaintiffs, §<br>§<br>v. §<br>§<br>MARSTON & MARSTON, INC.; §<br>MARSTON ENVIRONMENTAL, INC.; §<br>CLIFFORD R. "KIP" WILLIAMS; §<br>WILLIAM J. HARTLEY; §<br>GOLD REEF INTERNATIONAL, INC.; §<br>GOLD REEF OF NEVADA, INC.; §<br>CRANDELL ADDINGTON; §<br>SADIK AL-BASSAM; §<br>RICHARD CRISSMAN CAPPS; §<br>LOU B. KOST, JR.; §<br>LOU KOST HOLDINGS, LTD.; §<br>WILLIAM SHAFFER; §<br>PAUL STROBEL; §<br>PANTHER RESOURCES, INC.; §<br>PANTHER RESOURCES §<br>  PARTNERS LLLP; §<br>ADDKO, INC.; §<br>TEXAS RESEARCH, LLC; §<br>L.K. & C.A., INC.; §<br>MEXIVADA MINING CORPORATION; §<br>OTHER UNKNOWN DEFENDANTS §<br>  ACTING IN CONCERT WITH THE §<br>  ABOVE NAMED DEFENDANTS, §<br>§<br>        Defendants. § | CIVIL ACTION NO.<br><br>SA-10-CV-0188-OLG (NN) |

***************************************
§
§
§

| | |
|---|---|
| **CLIFFORD R. "KIP" WILLIAMS;** | § |
| **RICHARD CRISSMAN CAPPS;** | § |
| **WILLIAM SHAFFER;** and | § |
| **PAUL STROBEL;** | § |
| | § |
| Counter-Plaintiffs, | § |
| | § |
| v. | § |
| | § |
| **TARGET STRIKE, INC.;** and | § |
| **GOLD RESOURCES OF** | § |
|    **NEVADA, LLC (GRN I).** | § |
| | § |
| Counter-Defendants. | § |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **WILLIAM J. HARTLEY,** | § |
| | § |
| Counter-Plaintiff, | § |
| | § |
| v. | § |
| | § |
| **TARGET STRIKE, INC.** and | § |
| **GOLD RESOURCES OF** | § |
|    **NEVADA, LLC (GRN I).** | § |
| | § |
| Counter-Defendants. | § |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **CRANDALL ADDINGTON;** | § |
| **SADIK AL-BASSAM;** | § |
| **LOU B. KOST, JR.;** | § |
| **LOU KOST HOLDINGS, LTD.;** | § |
| **RESURRECTION CANYON, INC.**, f/k/a | § |
|    **PANTHER RESOURCES, INC.;** | § |
| **RESURRECTION CANYON, LLLP**, f/k/a | § |
|    **PANTHER RESOURCES** | § |

|  |  |
|---|---|
|   PARTNERS, LLLP;<br>ADDKO, INC.;<br>TEXAS RESEARCH, LLC; and<br>L.K. & C.A., INC., | §<br>§<br>§<br>§<br>§ |
|      Counter-Plaintiffs, | §<br>§ |
| v. | §<br>§ |
| TARGET STRIKE, INC, and<br>GOLD RESOURCES OF<br> NEVADA, LLC (GRN I), | §<br>§<br>§<br>§ |
|      Counter-Defendants. | §<br>§<br>§ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| RESURRECTION CANYON, LLLP, f/k/a<br> PANTHER RESOURCES<br> PARTNERS, LLLP, | §<br>§<br>§<br>§<br>§ |
|      Counter-Plaintiff, | §<br>§ |
| v. | §<br>§ |
| TARGET STRIKE, INC. and<br>GOLD RESOURCES OF<br> NEVADA, LLC (GRN I), | §<br>§<br>§<br>§ |
|      Counter-Defendants. | §<br>§<br>§ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| CLIFFORD R. "KIP" WILLIAMS,<br>RICHARD CRISSMAN CAPPS,<br>WILLIAM SHAFFER and<br>PAUL STROBEL, | §<br>§<br>§<br>§<br>§ |
|      Counter-Plaintiffs, | §<br>§ |

|  | § |
|---|---|
| v. | § |
|  | § |
| **TARGET STRIKE, INC. and** | § |
| **GOLD RESOURCES OF** | § |
|    **NEVADA, LLC (GRN I),** | § |
|  | § |
|         **Counter-Defendants.** | § |
|  | § |
|  | § |

## SIXTH REPORT AND RECOMMENDATION

TO:    Honorable Orlando Garcia
          United States District Judge

This report and recommendation addresses two pending motions for summary judgment—specifically, motions filed by defendants characterized by the parties as "Gold Reef defendants." Target Strike, Inc. (Target Strike) and Gold Resources of Nevada, LLC (GRN I) brought this lawsuit, complaining about the misappropriation of trade secrets—specifically, information about targets for the exploration of precious metals.[1] The plaintiffs sued 21 named defendants and other unknown defendants. GRN I has since non-suited its claims.[2]

The Gold Reef defendants include the following individuals and business entities:

    a.      Gold Reef of Nevada, Inc.,[3]

---

[1] Docket entry # 222, exh. 1, ¶ 4.

[2] Docket entry # 240.

[3] Gold Reef of Nevada, Inc. is a company pursuing mining projects in Nevada. The plaintiffs allege that Gold Reef of Nevada staked claims using the plaintiffs' proprietary information.

  b.  Gold Reef International, Inc.,[4]

  c.  Clifford R. "Kip" Williams,[5]

  d.  Richard Crissman "Criss" Capps,[4]

  e.  William J. Hartley, and

  f.  William Shaffer.

All Gold Reef defendants moved for summary judgment, but this report addresses only the motions filed by Hartley and Shaffer. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5]

**Hartley is entitled to summary judgment because Target Strike produced no evidence of wrong-doing on Hartley's part**. Hartley began working for defendant Marston Environmental, Inc., as a systems analyst in 1996. Hartley used Computer Aided Design and Drafting, and Geographical Informational Systems, to build maps for Target Strike. Hartley left Marston Environmental in 2007 and formed H.F. & Associates. Gold Reef of Nevada was a

---

[4]Gold Reef International, Inc. is a successor of Gold Reef of Nevada, Inc.

[5]Clifford R. "Kip" Williams is a geologist who began working for defendant Marston Environmental, Inc., in 1996 as the company's vice president and later served as president. Gold Reef International hired Williams in February 2007 as its president. Target Strike believes Kip Williams left Marston to form Gold Reef and helped Gold Reef develop a business plan to pursue mineral anomalities identified by plaintiff Target Strike, by sharing confidential information he obtained through his work at Marston.

[4]Richard Crissman "Criss" Capps is a geologist who served as vice-president of exploration for Gold Reef from 2006 to 2008. He worked as a consultant for Marston Environmental in 1998.

[5]Fed. R. Civ. P. 56(a).

client of H.F. & Associates. As a member of H.F. & Associates, Hartley built maps for GRN I.

Target Strike alleged that certain defendants, including Hartley, failed to safeguard the confidentiality of Target Strike's proprietary information and negligently or intentionally let it fall into the hands of persons and entities who are not authorized to receive the information.[6] Target Strike further alleged that certain defendants are wrongfully exploring mining opportunities based on information they learned from the defendants, to include Hartley.[7]

Hartley advanced multiple arguments for summary judgment, to include arguing that no evidence exits that he engaged in any wrongdoing.[8] Each of Target Strike's claims requires Target Strike to prove wrong-doing by Hartley. The wrong-doing identified in the complaint is the alleged misappropriation and mis-use of trade secrets.

The breach-of-fiduciary-duty claim is based on an alleged "continuing fiduciary duty to preserve and not appropriate [Target Strike's] confidential and proprietary information."[9] The misappropriation-of-trade secrets-and/or-proprietary-data claim is based on obtaining access to the same confidential data through improper means and then using and publishing the information.[10] The unfair competition claim alleged that instead of protecting Target Strike's proprietary information, certain defendants, including Hartley, stole the information and unjustly

---

[6] Docket entry # 119, ¶ 27.

[7] *Id*. at ¶ 40.

[8] Docket entry # 185, p. 3.

[9] Docket entry # 119, ¶ 47.

[10] *Id.* at ¶¶ 55-57.

enriched themselves.[11] The conversion claim alleged that Hartley, as well as other defendants, "assumed and exercised dominion and control over [Target Strike's trade secrets and confidential and proprietary information] in an unlawful and unauthorized manner to the exclusion of and inconsistent with" Target Strike's rights.[12] The unjust enrichment claim alleged that the defendants, including Hartley, "have wrongfully taken important and valuable assets of [Target Strike], its confidential and proprietary information, trade secrets, and research" and been unjustly enriched by possessing that information.[13] The conspiracy claim stated that the defendants, including Hartley, acted in combination to commit the alleged torts and otherwise breach duties against Target Strike. Each of these claims is based on the allegation that Hartley misappropriated Target Strike's confidential and proprietary information.

No evidence exists, however, that Hartley misappropriated Target Strike's confidential and proprietary information or used it for his own benefit. Hartley may have had access to Target Strike's confidential information through his work on Target Strike maps, but nothing shows he used the information for any purpose other than building maps or that he shared the information with any one. Hartley testified that when he worked for Marston Environmental, Kip Williams told him that the information he used to build maps was confidential,[14] and that he knew of no instance in which reports using Target Strike's information was shown to any one outside of

---

[11] *Id.* at ¶ 62.

[12] *Id.* at ¶ 63.

[13] *Id.* at ¶¶ 65-66.

[14] Docket entry # 222, exh. 32, pp. 59-60.

Target Strike or GRN I.[15]  This evidence is uncontradicted.  As a result, the summary-judgment evidence does not show that Hartley misappropriated Target Strike's confidential and proprietary information or used it for his own benefit.  Consequently, Hartley is entitled to summary judgment.

**Shaffer is also entitled to summary judgment because Target Strike produced no evidence of wrong-doing on his part**.  Shaffer is a geologist who worked as a consultant for Gold Reef.  Prior to that time, he staked claims and preformed geological sampling for Marston Environmental.  Shaffer staked claims that the plaintiffs complain about for Gold Reef of Nevada.

Target Strike brought the same claims against Shaffer as against Hartley.  The claims are based on the same factual allegations.  That is, each claim is based on the allegation that Shaffer misappropriated Target Strike's confidential and proprietary information and used it for his own benefit.

No evidence exists that Shaffer misappropriated Target Strike's confidential and proprietary information or used it for his own benefit.  The summary-judgment evidence includes an agreement in which Shaffer agreed to maintain the confidentiality of Target Strike's proprietary information,[16] but no evidence shows Shaffer obtained confidential information.  Shaffer testified that Kip Williams told him where to go to stake claims, but he did not know the source of information for Williams's instructions.[17]  Shaffer stated that he never saw a map with

---

[15]Docket entry # 185, exh. N, p. 75.

[16]Docket entry # 186, exh. B.

[17]Docket entry # 222, exh. 19, p. 85.

a legend reading Target Strike or GRN I, and that he never shared any of his work in Nevada with anyone outside of the group of people who were directly working on the same work.[18] Shaffer denied seeing Target Strike's proprietary information or misappropriating any of Target Strike's information.[19] This evidence is uncontradicted. As a result, the summary-judgment evidence does not show that Shaffer misappropriated Target Strike's confidential and proprietary information or used it for his own benefit. Consequently, Shaffer is entitled to summary judgment.

**Recommendation**. Hartley and Shaffer have shown that no genuine dispute exists as to any material fact relative to them and that they are entitled to judgment as a matter of law. Target Strike has not raised a fact question about its claims against Hartley or Shaffer. I recommend GRANTING the motions filed by Hartley and Shaffer (docket entry #s 185 & 186), and ENTERING summary judgment in their favor.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[20] Such party shall file the objections with the clerk of the court, and serve the objections on all

---

[18] *Id.* at exh. D, pp. 103 & 110.

[19] Docket entry # 186, exh. D, p. 103.

[20] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[21]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[22]

    **SIGNED** on March 11, 2011.

 

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[21] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[22] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).