# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TARGET STRIKE, INC., | § § | CIVIL ACTION NO. |
| Plaintiff, | § § | |
| | § | SA-10-CV-0188-OLG (NN) |
| v. | § § | |
| MARSTON & MARSTON, INC.; | § | |
| MARSTON ENVIRONMENTAL, INC.; | § | |
| CLIFFORD R. "KIP" WILLIAMS; | § | |
| GOLD REEF INTERNATIONAL, INC.; | § | |
| GOLD REEF OF NEVADA, INC.; | § | |
| CRANDELL ADDINGTON; | § | |
| SADIK AL-BASSAM; | § | |
| RICHARD CRISSMAN CAPPS; | § | |
| LOU B. KOST, JR.; | § | |
| LOU KOST HOLDINGS, LTD.; | § | |
| PAUL STROBEL; | § | |
| PANTHER RESOURCES, INC.; | § | |
| PANTHER RESOURCES | § | |
|    PARTNERS LLLP; | § | |
| ADDKO, INC.; | § | |
| TEXAS RESEARCH, LLC; | § | |
| L.K. & C.A., INC.; | § | |
| MEXIVADA MINING CORPORATION | § | |
| OTHER UNKNOWN DEFENDANTS | § | |
|    ACTING IN CONCERT WITH THE | § | |
|    ABOVE NAMED DEFENDANTS, | § § | |
| Defendants. | § § § | |

**************************************

| | |
|---|---|
| CLIFFORD R. "KIP" WILLIAMS; | § |
| RICHARD CRISSMAN CAPPS; and | § |
| PAUL STROBEL; | § |
| | § |
| Counter-Plaintiffs, | § |
| | § |
| v. | § |
| | § |
| TARGET STRIKE, INC.; and | § |
| GOLD RESOURCES OF | § |
| NEVADA, LLC (GRN I). | § |
| | § |
| Counter-Defendants. | § |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CRANDALL ADDINGTON; | § |
| SADIK AL-BASSAM; | § |
| LOU B. KOST, JR.; | § |
| LOU KOST HOLDINGS, LTD.; | § |
| RESURRECTION CANYON, INC., f/k/a | § |
| PANTHER RESOURCES, INC.; | § |
| RESURRECTION CANYON, LLLP, f/k/a | § |
| PANTHER RESOURCES | § |
| PARTNERS, LLLP; ADDKO, INC.; | § |
| TEXAS RESEARCH, LLC; and | § |
| L.K. & C.A., INC., | § |
| | § |
| Counter-Plaintiffs, | § |
| | § |
| v. | § |
| | § |
| TARGET STRIKE, INC, and | § |
| GOLD RESOURCES OF | § |
| NEVADA, LLC (GRN I), | § |
| | § |
| Counter-Defendants. | § |

```
************************************
RESURRECTION CANYON, LLLP, f/k/a    §
   PANTHER RESOURCES               §
   PARTNERS, LLLP,                 §
                                   §
               Counter-Plaintiff,  §
v.                                 §
                                   §
TARGET STRIKE, INC. and            §
GOLD RESOURCES OF                  §
   NEVADA, LLC (GRN I),            §
                                   §
               Counter-Defendants. §
                                   §
************************************
CLIFFORD R. "KIP" WILLIAMS,        §
RICHARD CRISSMAN CAPPS, and        §
PAUL STROBEL,                      §
                                   §
               Counter-Plaintiffs, §
v.                                 §
                                   §
TARGET STRIKE, INC. and            §
GOLD RESOURCES OF                  §
   NEVADA, LLC (GRN I),            §
                                   §
               Counter-Defendants. §
```

## TENTH REPORT AND RECOMMENDATION

**TO:** Honorable Orlando Garcia
United States District Judge

This report and recommendation addresses the motion for judgment as a matter of law filed by defendants Crandell Addington; Sadik Al-Bassam; Lou B. Kost, Jr; Kost

3

Holdings, Ltd; Resurrection Canyon, Inc., formerly known as Panther Resources, Inc; Resurrection Canyon, LLLP, formerly known as Panther Resources Partners, LLLP; ADDKO, Inc.; Texas Research, LLC; and L.K. & C.A., Inc.[1] In the motion, these defendants asked for judgment on the pleadings on plaintiff Target Strike's false designation of origin claim under 15 U.S.C. § 1125(a). Responding to that motion, Target Strike voluntarily relinquished its false designation of origin claim.[2] That action mooted the defendants' motion. Because Target Strike relinquished the claim that is the subject of the motion, I recommend denying the motion (docket entry # 181) as moot.

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[3] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and

---

[1] Docket entry # 181.

[2] Docket entry # 212.

[3] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

4

the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[4] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.

**SIGNED** on April 26, 2011.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[4]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).