# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **TARGET STRIKE, INC.,** | § § | **CIVIL ACTION NO.** |
| Plaintiff, | § § | |
| v. | § § | SA-10-CV-0188-OLG (NN) |
| **MARSTON & MARSTON, INC.;** | § | |
| **MARSTON ENVIRONMENTAL, INC.;** | § | |
| **CLIFFORD R. "KIP" WILLIAMS;** | § | |
| **GOLD REEF INTERNATIONAL, INC.;** | § | |
| **GOLD REEF OF NEVADA, INC.;** | § | |
| **CRANDELL ADDINGTON;** | § | |
| **SADIK AL-BASSAM;** | § | |
| **RICHARD CRISSMAN CAPPS;** | § | |
| **LOU B. KOST, JR.;** | § | |
| **PAUL STROBEL;** | § | |
| **PANTHER RESOURCES, INC.;** | § | |
| **PANTHER RESOURCES PARTNERS LLLP;** | § § | |
| **MEXIVADA MINING CORPORATION** | § | |
| **OTHER UNKNOWN DEFENDANTS ACTING IN CONCERT WITH THE ABOVE NAMED DEFENDANTS,** | § § § § | |
| Defendants. | § § § | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | |
|---|---|
| CLIFFORD R. "KIP" WILLIAMS; RICHARD CRISSMAN CAPPS; and PAUL STROBEL; | § § § § |
| Counter-Plaintiffs, | § § § |
| v. | § § |
| TARGET STRIKE, INC.; and GOLD RESOURCES OF    NEVADA, LLC (GRN I). | § § § § |
| Counter-Defendants. | § § § |

**************************************

| | |
|---|---|
| CRANDALL ADDINGTON; SADIK AL-BASSAM; LOU B. KOST, JR.; LOU KOST HOLDINGS, LTD.; RESURRECTION CANYON, INC., f/k/a    PANTHER RESOURCES, INC.; RESURRECTION CANYON, LLLP, f/k/a    PANTHER RESOURCES    PARTNERS, LLLP; ADDKO, INC.; TEXAS RESEARCH, LLC; and L.K. & C.A., INC., | § § § § § § § § § § § § |
| Counter-Plaintiffs, | § § |
| v. | § § |
| TARGET STRIKE, INC, and GOLD RESOURCES OF    NEVADA, LLC (GRN I), | § § § § |
| Counter-Defendants. | § |

```
**************************************
RESURRECTION CANYON, LLLP, f/k/a    §
   PANTHER RESOURCES               §
   PARTNERS, LLLP,                 §
                                    §
            Counter-Plaintiff,      §
v.                                  §
                                    §
TARGET STRIKE, INC. and             §
GOLD RESOURCES OF                   §
   NEVADA, LLC (GRN I),             §
                                    §
            Counter-Defendants.     §
                                    §
**************************************
CLIFFORD R. "KIP" WILLIAMS,         §
RICHARD CRISSMAN CAPPS, and         §
PAUL STROBEL,                       §
                                    §
            Counter-Plaintiffs,     §
v.                                  §
                                    §
TARGET STRIKE, INC. and             §
GOLD RESOURCES OF                   §
   NEVADA, LLC (GRN I),             §
                                    §
            Counter-Defendants.     §
```

## ELEVENTH REPORT AND RECOMMENDATION

**TO:** Honorable Orlando Garcia
United States District Judge

This report and recommendation addresses plaintiff Target Strike's motion for

leave to supplement its expert report or to provide new expert report.[1] I have jurisdiction to enter this report under 28 U.S.C. § 636(b) and the district court's order referring pretrial motions to me.[2] Because the resolution of the motion relates to a dispositive issues — injury and damages — I treated the motion as dispositive. The motion is sealed, but I did not seal this report because it does not specifically refer to confidential matters. After considering the motion and the response, I recommend denying the motion.

**Background of the pending motion**. Previously, Target Strike designated three expert witnesses affiliated with Behre Dolbear & Company, Inc. (Behre Dolbear) to testify about Target Strike's injury and damages.[3] I recommended excluding Target Strike's experts because Behre Dolbear's report and expert testimony provided an incorrect measure of damages. The district court accepted the recommendation and excluded Target Strike's experts.[4] In the motion before the court, Target Strike seeks to resurrect its experts.

**Target Strike's motion to supplement**. Target Strike's motion is styled as a

---

[1] Docket entry # 282.

[2] Docket entry # 38.

[3] Docket entry # 133.

[4] Docket entry # 270.

motion to supplement its prior expert report. According to Target Strike, the proposed supplement provides "the calculation allegedly missing from the original report."[5] Although Target Strike characterized the information as a supplement, Target Strike no longer has experts to supplement. Under the original scheduling order, Target Strike was required to designate its experts by October 21, 2010.[6] Target Strike designated the Behre Dolbear experts on October 21, 2010.[7]

On January 20, 2011 — after deposing Behre Dolbear's experts — the defendants asked to file under seal its motion to exclude Behre Dolbear. In the motion, the defendants argued that Behre Dolbear opined about an improper measure of damages. Although then aware of the defendants' arguments about the deficiencies of Target Strike's expert testimony, Target Strike did not supplement Behre Dolbear's report.

On March 24, 2011, I recommended excluding Behre Dolbear's testimony.[8] I explained the following: (1) Behre Dolbear's report was not relevant to a fact in issue, because the report did not analyze the costs avoided using Target Forecasting; and (2) Behre Dolbear's calculation of avoided costs is based on a purported estimate by

---

[5]Docket entry # 275, p. 3.

[6]Docket entry # 76, ¶ 4.

[7]Docket entry # 21.

[8]Docket entry # 244.

5

defendant Clifford Williams of avoided costs for 16 of Target Strike's 72 areas of interest, without other proof. Still, Target Strike did not supplement its expert report. On May 5, 2011, the district court excluded Behre Dolbear from testifying.[9] On May 26, 2011, Target Strike asked to supplement its report.

Under these circumstances, Target Strike's motion is not properly considered a motion to supplement because Target Strike did not seek to supplement Behre Dolbear's report prior to the exclusion of Behre Dolbear. The opportunity to supplement was extinguished when the district court excluded Behre Dolbear. Target Strike's reliance on Rule 26's provisions for supplementing an expert witness do not apply after an expert has been excluded. The motion to supplement should be denied.

**Target Strike's motion to provide a new expert report**. As alternative relief, Target Strike asked to submit a new expert report. According to Target Strike, the new report "fill[s] the gap cited by defendants and the Court [by] provid[ing] the missing calculation."[10] Target Strike asserted that Behre Dolbear did not alter the substance of its methodology, but the new damage estimate exceeds the initial damage estimate by $131 million.[11] The proposed new report constitutes a new damages estimate. Because

---

[9] Docket entry # 270.

[10] Docket entry # 275, p. 4.

[11] *Compare* docket entry # 275, ex. 1 of proposed new report, p. 2, *with*, docket entry # 192, ex. 1, p. 7/41.

6

submitting a new report equates to modifying the scheduling order deadlines, Rule 16(b) applies.

Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[12] In determining whether the good-cause standard has been met, the court considers four factors: (1) the movant's explanation for the failure to timely supplement, (2) the importance of the expert testimony, (3) potential prejudice in allowing testimony based on the new damage estimate, and (4) the availability of a continuance to cure such prejudice.[13] In this case, the balance of these factors weighs against a new expert report.

**Target Strike's explanation for the failure to timely supplement**. Target Strike's explanation relies on its characterization of the new damage estimate as a timely supplement under the procedural rules. The foregoing discussion explains why the new damage estimate is not properly considered a supplemental report. Considering that explanation, this factor weighs against allowing a new report.

**Importance of the amendment**. Target Strike characterized the new damage

---

[12] Fed. R. Civ. P. 16(b).

[13] *See Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (explaining that in determining whether the district court abused its discretion in denying a request to supplement an expert report, the court considers: "(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice").

7

estimate as having critical relevance to Target Strike's case. A damage estimate has critical relevance to Target Strike's case because Target Strike cannot prevail on its claims without evidence of damages. Knowing that relevance, Target Strike should have provided a reliable damage estimate when it designated its expert on October 21, 2010.

Even now, the new damage estimate may be unreliable because it appears to have the same deficiencies as the original damage report. Behre Dolbear was excluded as an expert, in part, because it failed to opine about the costs avoided by Target Forecasting. The new damages estimate identified several Phase I costs that are allegedly avoided using Target Forecasting, but Behre Dolbear's expert witnesses testified that those costs are required even if Target Forecasting is used to identify a potential area of mineral deposit. Thus, this factor weighs against the new damage estimate.

**Potential prejudice in allowing the new damage estimate**. Target Strike maintains the defendants will not be prejudiced because the case is not set for trial and because the defendants have long been aware of the theory and methodology underlying Behre Dolbear's supplementation. That assessment ignores the posture of this case.

Discovery closed on December 22, 2010.[14]  At that time, trial was set for April 25, 2011.  The trial date was vacated to give the court time to resolve numerous dispositive motions,[15] not to open the door for new evidence.  Extending the deadline for designating experts — to allow Target Strike to submit a new damages estimate — would necessitate extending the time for discovery.  If discovery is reopened on critical evidence, the defendants would incur significant expense.  Additional discovery would likely generate more dispositive motions, before the court has resolved pending dispositive motions.

Target Strike's claims are based on alleged conduct and expectations that began as early as 1996, but Target Strike did not file this lawsuit until February 20, 2010.  Under these circumstances, some defendants have been required to defend themselves for conduct that allegedly occurred 13 years ago.  Now, over one year later, Target Strike seeks to add another year to that equation.  Accounting for conduct and producing documents for a 13-year period is difficult.  Undisputedly, memories relevant to defenses have faded and applicable documents have been lost.  The number of attorneys in this case and the number of defense pleadings reflect the difficulty and expense of defending against factual allegations reaching back 13 years.  If the court

---

[14]Docket entry # 76.

[15]Docket entry # 256.

extended the time for designating experts and for discovery, the defendants will be prejudiced because they will incur even more expense and their defense burden will increase. This factor weighs against allowing the new damages estimate.

**Availability of a continuance to cure prejudice**. Target Strike does not oppose the re-opening of discovery to reconvene depositions of its experts to explore questions about the new damages estimate, but the defendants do. Thus, this factor weighs neither in favor nor against a new damage estimate.

**Conclusion**. Thus far, summary judgment has been entered in favor of six defendants in this case.[16] I have recommended summary judgment in favor of three more defendants.[17] One defendant has settled Target Strike's claims. Twelve additional defendants remain. Those 12 defendants should not be required to re-open discovery, depose Behre Dolbear about the new damage report, and file additional pleadings about expert witnesses. Moreover, the balance of factors in determining whether to modify a scheduling order weigh against the new damages estimate. I recommend denying the motion for leave to supplement or provide new expert report (docket entry

---

[16]The following defendants have obtained a favorable summary-judgment ruling: William Hartley; Lou Kost Holdings, Ltd; William Shaffer; ADDKO, Inc.; Texas Research, LLC; and L.K. & C.A., Inc. See docket entry #s 258 & 278.

[17]I have also recommended summary judgment in favor of the following defendants: Crandell Addington, Lou B. Kost, and Sadik Al-Bassam. *See* docket entry # 262.

# 282).

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[18] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[19] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of

---

[18] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[19] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[20]

**SIGNED** on June 6, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[20]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).