UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TARGET STRIKE, INC., | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | SA-10-CV-0188-OLG (NN) |
| MARSTON & MARSTON, INC.; | § | |
| MARSTON ENVIRONMENTAL, INC.; | § | |
| CLIFFORD R. "KIP" WILLIAMS; | § | |
| GOLD REEF INTERNATIONAL, INC.; | § | |
| GOLD REEF OF NEVADA, INC.; | § | |
| CRANDELL ADDINGTON; | § | |
| SADIK AL-BASSAM; | § | |
| RICHARD CRISSMAN CAPPS; | § | |
| LOU B. KOST, JR.; | § | |
| PAUL STROBEL; | § | |
| PANTHER RESOURCES, INC.; | § | |
| PANTHER RESOURCES PARTNERS LLLP; | § § | |
| MEXIVADA MINING CORPORATION; | § | |
| & OTHER UNKNOWN DEFENDANTS ACTING IN CONCERT WITH THE ABOVE NAMED DEFENDANTS, | § § § | |
| Defendants. | § § § § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CLIFFORD R. "KIP" WILLIAMS; RICHARD CRISSMAN CAPPS; and PAUL STROBEL; | § § § § |
| Counter-Plaintiffs, | § § § |
| v. | § § |
| TARGET STRIKE, INC.; and GOLD RESOURCES OF    NEVADA, LLC (GRN I). | § § § § |
| Counter-Defendants. | § § § |

****************************************

| | |
|---|---|
| CRANDALL ADDINGTON; SADIK AL-BASSAM; LOU B. KOST, JR.; LOU KOST HOLDINGS, LTD.; RESURRECTION CANYON, INC., f/k/a    PANTHER RESOURCES, INC.; RESURRECTION CANYON, LLLP, f/k/a    PANTHER RESOURCES    PARTNERS, LLLP; ADDKO, INC.; TEXAS RESEARCH, LLC; and L.K. & C.A., INC., | § § § § § § § § § § § § § |
| Counter-Plaintiffs, | § § |
| v. | § § |
| TARGET STRIKE, INC, and GOLD RESOURCES OF    NEVADA, LLC (GRN I), | § § § § |
| Counter-Defendants. | § |

```
************************************
RESURRECTION CANYON, LLLP, f/k/a    §
   PANTHER RESOURCES              §
   PARTNERS, LLLP,                §
                                  §
              Counter-Plaintiff,    §
v.                                  §
                                  §
TARGET STRIKE, INC. and             §
GOLD RESOURCES OF                 §
   NEVADA, LLC (GRN I),          §
                                  §
              Counter-Defendants.  §
                                  §
************************************
CLIFFORD R. "KIP" WILLIAMS,         §
RICHARD CRISSMAN CAPPS, and         §
PAUL STROBEL,                       §
                                  §
              Counter-Plaintiffs,   §
v.                                  §
                                  §
TARGET STRIKE, INC. and             §
GOLD RESOURCES OF                 §
   NEVADA, LLC (GRN I),          §
                                  §
              Counter-Defendants.  §
```

## FOURTEENTH REPORT AND RECOMMENDATION

**TO:** **Honorable Orlando Garcia**
**United States District Judge**

This report and recommendation addresses the motion for summary judgment[1]

---

[1]Docket entry # 184.

3

filed by defendants Gold Reef International, Inc., and Gold Reef of Nevada, Inc., (together, Gold Reef) and recommends summary judgment in favor of Gold Reef.

**Nature of the case as to Gold Reef**.  Gold Reef International, Inc. is a gold exploration company formed by business partners, defendants Crandell Addington and Lou B. Kost, Jr.  Gold Reef of Nevada, Inc. is a successor corporation.  Gold Reef hired defendant Marston Environmental, Inc. (Marston), as a consultant.  At that time, defendant Clifford R. "Kip" Williams worked for Marston.  Williams later worked for Gold Reef.  Defendant William Shaffer — using information provided by Marston — staked mineral claims in Nevada on behalf of Gold Reef.

Plaintiff Target Strike alleged that the staked mineral claims "are in the same geographical areas as at least 8 areas of interest originally discovered by [Target Strike] — and as revealed by"[2] Target Strike to other defendants in this case.  Target Strike's president and corporate representative, Alex Weinberg, testified that the locations of Gold Reef's staked claims were virtually identical to locations identified by its Target Forecasting technology.[3]

Target Strike's claims against Gold Reef are based on purported identicalness of Target-Forecasting-identified locations and Gold Reef's staked claims.  The specific claims against Gold Reef can be summarized as follows:

---

[2]Docket entry # 119, ¶ 38.

[3]Docket entry # 198, imaged in CM-ECF as ex. I, p. 3 (p. 254 of Weinberg's deposition).

4

(1) misappropriation of trade secrets: Target Strike alleged that Gold Reef misappropriated the locations of mineral deposits as identified by Target Strike using Target Forecasting;

(2) unfair competition: Target Strike alleged that Gold Reef profited from the theft of Target-Forecasting-identified locations;

(3) conversion: Target Strike alleged that Gold Reef exercised dominion and control over the alleged stolen locations of mineral deposits;

(4) unjust enrichment: Target Strike alleged that Gold Reef was unjustly enriched by possessing Target-Forecasting-identified locations of mineral deposits; and

(5) conspiracy: Target Strike alleged that Gold Reef acted with other defendants to steal Target-Forecasting-identified locations of mineral deposits.[4]

**Gold Reef's motion**. Gold Reef joined summary-judgment motions filed by other defendants, and moved for summary judgment, arguing that Gold Reef is entitled to summary judgment on all claims because "there is no evidence that any alleged wrongful conduct caused harm to [Target Strike] or resulted in any benefit to [Gold Reef]."[5] Gold Reef supported its motion with excerpts from Weinberg's deposition. When questioned about the basis of claims against Gold Reef, Weinberg testified that he believed the Marston defendants passed information about Target-Forecasting-identified locations to Gold Reef.[6] When questioned about the value of the information allegedly passed to Gold Reef versus the value of the staked claims, Weinberg deferred

---

[4]Docket entry # 119.

[5]Docket entry # 184, ¶ 5.

[6]Docket entry # 184, ex. A, p. 348.

to his attorneys.[7] Weinberg stated that he did not know whether Gold Reef profited from the alleged dissemination of information.[8] This evidence established that no fact question exists about whether Gold Reef engaged in wrongful conduct (because Weinberg stated only that he believed information was passed to Gold Reef, but identified no wrongful conduct), whether Gold Reef caused harm to Target Strike (because Weinberg identified no harm to Target Strike), and whether Gold Reef benefitted from information obtained from Target Strike (because Weinberg identified no value gained by Gold Reef). The evidence shifted the summary-judgment burden to Target Strike to raise a material fact question.

Target Strike did not respond to Gold Reef's motion, except to respond to arguments advanced by the individually-named Gold Reef defendants.[9] The response was directed to defendants' limitations argument.[10] To the extent Target Strike addressed Gold Reef's particular argument — there is no evidence the alleged wrongful conduct harmed Target Strike or benefitted Gold Reef — Target Strike relied on its

---

[7]*Id.*, p. 349-50.

[8]*Id.*

[9]The individually-named Gold Reef defendants are Williams, Richard Crissman Capps, William J. Hartley, and William Shaffer. The court granted summary judgment in favor of Hartley and Shaffer. *See* docket entry # 258. The motion for summary judgment filed by Williams and Capps is pending. *See* docket entry # 180.

[10]Docket entry # 221. The response is sealed, but I did not seal this report because it does not include confidential information.

previously-designated expert. Target Strike discussed its damage calculation theory: damages based on the value of what the plaintiff lost or the value of what the defendant gained. Target Strike's expert opined that the defendants saved between $26 and $30 million in conventional exploration costs by obtaining Target-Forecasting-identified locations of mineral deposits. Reliance on the expert damage estimate is moot because the district court excluded that expert.[11] Target Strike has sought to resurrect its expert designation,[12] but the balance of factors for determining whether to modify a scheduling order weigh against Target Strike's new damages estimate.[13]

In summary, Target Strike identified no evidence raising a fact question about whether the alleged wrongful conduct harmed Target Strike or benefitted Gold Reef. Out of an abundance of caution, I reviewed Target Strike's summary-judgment evidence[14] for evidence implicating Gold Reef. I found no evidence raising a fact question about whether Gold Reef possessed information about Target-Forecasting-identified locations or whether the purported stolen information benefitted Gold Reef. I found no evidence of identicalness of Target-Forecasting-identified locations and Gold Reef's staked claims.

---

[11] Docket entry # 270 (excluding expert because report and testimony provided incorrect measure of damages).

[12] Docket entry # 282.

[13] Docket entry #284.

[14] Docket entry # 222.

**Recommendation**.  The summary-judgment record indicates Target Strike's case is a theory of liability: that, by virtue of his employment with Marston, Williams obtained information Target Strike considers perpetually confidential; and that Williams conveyed the information to Gold Reef.  Target Strike maintains that 37 potential mineral locations Williams identified for Gold Reef are the same 37 locations identified by Target Strike using Target Forecasting.  No summary-judgment evidence supports that position.  Target Strike did not raise a material fact question.  I recommend granting Gold Reef's summary judgment motion (docket entry # 184) and entering summary judgment in favor of Gold Reef International, Inc. and Gold Reef of Nevada, Inc.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[15]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.  A party filing objections must specifically identify those findings,

---

[15] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[16] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[17]

**SIGNED** on July 28, 2011.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[16]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[17]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).