UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TARGET STRIKE, INC. and | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MARSTON & MARSTON, INC.; | § | SA-10-CV-0188 OLG (NN) |
| MARSTON ENVIRONMENTAL, INC.; | § | |
| CLIFFORD R. "KIP" WILLIAMS; | § | |
| GOLD REEF INTERNATIONAL, INC.; | § | |
| GOLD REEF OF NEVADA, INC.; | § | |
| CRANDELL ADDINGTON; | § | |
| SADIK AL-BASSAM; | § | |
| RICHARD CRISSMAN CAPPS; | § | |
| LOU B. KOST, JR.; | § | |
| PAUL STROBEL; | § | |
| PANTHER RESOURCES, INC., n/k/a | § | |
|   RESURRECTION CANYON, INC.; | § | |
| PANTHER RESOURCES PARTNERS | § | |
|   LLLP, n/k/a RESURRECTION | § | |
|   CANYON, LLLP; | § | |
| MEXIVADA MINING CORPORATION; | § | |
| OTHER UNKNOWN DEFENDANTS | § | |
|   ACTING IN CONCERT WITH THE | § | |
|   ABOVE NAMED DEFENDANTS, | § | |
| | § | |
| Defendants. | § | |
| ****************************************** | | |
| RESURRECTION CANYON, LLLP, | § | |
| f/k/a PANTHER RESOURCES | § | |
| PARTNERS, LLLP, | § | |
| | § | |
| Counter-Plaintiff, | § | |
| v. | § | |
| | § | |
| TARGET STRIKE, INC. and | § | |
| GOLD RESOURCES OF NEVADA, LLC, | § | |
| | § | |
| Counter-Defendants. | § | |

## SIXTEENTH REPORT AND RECOMMENDATION

TO:  Honorable Orlando Garcia
     United States District Judge

This report and recommendation addresses a motion for summary judgment filed by a group of defendants the parties characterize as "the Addington defendants."[1] The district judge has already entered summary judgment in favor of four of the Addington defendants: Texas Research, LLC; Kost Holdings, Ltd.; ADDKO, Inc.; and L.K. & C.A., Inc.[2] I have recommended summary judgment in favor of three other Addington defendants: Crandell Addington, Lou B. Kost, and Sadik Al-Bassam.[3] If the district judge accepts that recommendation, causes of action will remain against two Addington defendants: Panther Resources, Inc., and Panther Resources Partners LLLP (together, the Panther defendants). After considering the summary-judgment record as to the Panther defendants, I recommend summary judgment in favor of the Panther defendants.

**Nature of the case as to the Panther defendants**. Plaintiff Target Strike's complaint briefly mentions the Panther defendants. Target Strike alleged that "the Panther Canyon defendants, as well as all other defendants, are wrongfully exploring mining opportunities that they learned about through [defendants Marston & Marston,

---

[1] Docket entry # 200.

[2] Docket entry # 278.

[3] Docket entry # 262.

Inc./Marston Environmental, Inc./Clifford "Kip" Williams/Richard Crissman Capps/William Shaffer/William Hartley/Paul Strobel] from information that constitutes [Target Strike's] proprietary data."[4] The summary-judgment evidence indicates the Panther defendants have a limited role in this case.

According to defendant Lou B. Kost, "Panther Resources was a workout program for a failed public company, and it didn't work, so it's a proposal.…Panther Resources as Panther Resources doesn't exist."[5] Ultimately, the names of the Panther defendants were changed to Resurrection Canyon, Inc. and Resurrection Canyon, LLLP (together, the Resurrection defendants).[6]

Target Strike's causes of action against the Panther defendants emanate from their claims against the Gold Reef defendants.[7] The claims against the Gold Reef defendants are based on purported identicalness of locations of minerals as identified by Target Strike's Target Forecasting technology and the locations of claims staked for the Gold Reef defendants. Target Strike's president and corporate representative, Alex Weinberg, testified that the locations of Gold Reef's claims are virtually identical to locations

---

[4] Docket entry # 119, ¶ 40.

[5] Docket entry # 211, ex. F, p. 153.

[6] Docket entry # 211, ex. F-23.

[7] The fourteenth report and recommendation addressed the Gold Reef defendants. Docket entry # 306.

identified by its Target Forecasting technology.[8]  Kost testified that the Panther defendants were to obtain two of Gold Reef's claims as part of a settlement agreement.[9] After Panther's name change, Gold Reef transferred the two claims to Resurrection Canyon LLLP.[10]  Thus, the allegation that the transferred claims were derived from Target Forecasting underlies Target Strike's causes of action against Panther/Resurrection.

**The pending motion**.  The pending motion was filed on behalf of all Addington defendants.  The Addington defendants asked for summary judgment on two grounds: (1) limitations, and alternatively, (2) no evidence of trade secrets.  I addressed the limitations issue in the fifteenth report.[11]  Because I have already made recommendations relative to the other Addington defendants, this report considers only the causes of action against the Panther defendants.  The applicable pleadings are sealed, but I did not seal this report because it does not specifically refer to confidential matters.

**Misappropriation of trade secrets**.  In count 1, Target Strike alleged the misappropriation of trade secrets,[12] but there is no basis for holding the Panther

---

[8] Docket entry # 211, ex. A, p. 254.

[9] Docket entry # 211, ex. F, p. 156-57.

[10] Docket entry # 222, ex. 18.

[11] Docket entry # 315.

[12] Docket entry # 119, ¶ 55 (alleging misappropriation of trade secrets).

defendants liable for misappropriating trade secrets. Target Strike has steadfastly maintained defendant Clifford "Kip" Williams" wrongfully disclosed Target Strike's trade secrets during a meeting with non-party D.L. Neese and defendants Crandell Addington and Lou B. Kost. The meeting occurred on January 28, 2002. The trade secrets that were allegedly disclosed are locations of minerals as identified by Target Forecasting. Target Strike theorized that Addington and Kost used its trade secrets to stake claims on behalf of the Gold Reef defendants.

No evidence exists, nor could it exist, that Panther misappropriated Target Strike's trade secrets, because Panther did not exist at the time of the alleged disclosure. The alleged disclosure occurred on January 28, 2002; the Panther defendants were formed on January 1, 2009.[13] A corporation created years after the alleged disclosure could not have misappropriated Target Strike's trade secrets. The Panther defendants are entitled to summary judgment on this cause of action.

**Unfair competition and conspiracy**. The same analysis applies to Target Strike's causes of action for unfair competition and conspiracy. In count 6, Target Strike alleged the defendants "breached duties of confidentiality owed to [Target Strike] by misappropriating proprietary information."[14] In count 9, Target Strike alleged the

---

[13] Docket entry 3 211, ex. F-22, p. 3 (reflecting filing period as Jan. 1, 2009 to Dec. 31, 2009).

[14] Docket entry # 119, ¶ 62.

defendants "conspired to misappropriate [its] trade secrets, and to stake for [itself] the claims that were originally identified by [Target Strike]."[15] The misappropriation underlying these claims allegedly occurred during the January 28, 2002 meeting between Neese, Williams, Addington and Kost. The staked claims underlying the conspiracy cause of action were filed with the Bureau of Land Management August 8, 2005.[16] Panther was created on January 1, 2009, after the alleged disclosure and after the claims were staked. What Target Strike complained about is impossible. Panther is entitled to summary judgment on the unfair competition and conspiracy causes of action.

**Conversion**. The only viably pleaded cause of action is count 7 — conversion. In that count, Target Strike alleged that the defendants "have assumed and exercised dominion and control over [its trade secrets] in an unlawful and unauthorized manner to the exclusion of and inconsistent with [Target Strike's] rights. Defendants knowingly and intentionally converted for their own use [Target Strike's] trade secrets and confidential and proprietary information."[17] This allegation refers to the two transferred claims.

"Conversion is defined as the wrongful exercise of dominion and control over

---

[15] Docket entry # 119, ¶ 67.

[16] Docket entry # 198, ex. H (certificates of location signed by Shaffer as locator).

[17] Docket entry # 3, ¶ 63.

another's property in denial of or inconsistent with his rights."[18]  Proving conversion necessarily requires the plaintiff to prove he owned, possessed or was entitled to possess the property.[19]  In this case, that means Target Strike must prove that the transferred claims were staked using Target Strike's confidential information.  I explained in previous reports that no summary-judgment evidence supports Target Strike's insistence that the Gold Reef claims are identical to locations identified using Target Forecasting.[20]  Raising a fact question about identicalness would require evidence showing a correlation between the transferred claims and Target-Forecasting-identified locations.  The summary-judgment record does not include such evidence.  Weinberg's insistence that the claims are identical does not raise a fact question because his assertion is an unsupported conclusion.  The Panther defendants are entitled to summary judgment on the conversion cause of action.

**Recommendation**.  I recommend granting the pending defendants' motion (docket entry # 200) to the extent discussed in this report; specifically, I recommend

---

[18]*Green Int'l v. Solis*, 951 S.W.2d 384, 391 (Tex. 1997).

[19]*Burns v. Rochon*, 190 S.W.3d 263, 268 (Tex. App.—Houston [1 Dist.] 2006, no pet.) ("To establish a claim for conversion, a plaintiff must prove that (1) *the plaintiff owned or had possession of the property or entitlement to possession*; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property.") (italics added).

[20]Docket entry # 306.

entering summary judgment in favor of the Panther defendants and denying the motion as moot in other respects. If the district judgment rejects the recommendation in my ninth report and recommendation, I will revisit the pending motion as it applies to other Addington defendants. To the extent, Target Strike may complain about the lack of notice that the district judge will consider summary judgment for the reasons discussed in this report,[21] Target Strike should consider this report as notice and exercise its right under 28 U.S.C. § 636(b)(1).

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same,

---

[21]Ordinarily, a court may not enter summary judgment in the absence of a written motion, *see* Fed. R. Civ. P. 56 (providing for motions for summary judgment); *Matter of Hailey*, 621 F.2d 169, 171 (5th Cir. 1980) (observing that Rule 56 does not indicate that a judge may render a summary judgment sua sponte), but summary judgment is permitted in the absence of a written motion if a written motion is unnecessary and the parties have adequate notice and an opportunity to be heard, *see Matter of Hailey*, 621 F.2d at 171 (explaining that a party must be timely served and given an opportunity to respond and present summary judgment evidence). In this case, this report constitutes written notice and 28 U.S.C. § 636(b)(1) provides the opportunity to be heard.

unless this time period is modified by the district court.[22] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[23] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[24]

**SIGNED** on August 19, 2011.

*/s/ Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[22] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[23] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[24] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).